# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ZEBEDEE JOHNSON,<br><br>Defendant. | Criminal Action No. TDC-17-0383 |

## MEMORANDUM OPINION

Defendant Zebedee Johnson, a federal prisoner at the Federal Correctional Institution Allenwood Medium in White Deer, Pennsylvania ("FCI-Allenwood Medium"), has filed an Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). On May 16, 2018, the Court sentenced Johnson to 48 months of imprisonment on his conviction for distribution of furanyl fentanyl, in violation of 21 U.S.C. § 841(b)(1)(B)(vi). Including pretrial detention, Johnson has served a total of 40 months on his sentence and, and with good time credits, he is presently scheduled to be released on December 26, 2020.

In his Motion, Johnson seeks a reduction of his sentence to time served under a statutory provision commonly referred to as the "compassionate release" provision because of the COVID-19 pandemic and the significant health risk that exposure to the coronavirus would pose to him in light of his various medical conditions. The Government defers to the Court on the resolution of the Motion.

## DISCUSSION

Ordinarily, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c) (2018). This general rule is subject to certain exceptions, including the compassionate release provision, which allows the Bureau of Prisons ("BOP") to seek a

modification of a prisoner's sentence. *See id.* § 3582(c)(1)(A). Under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), the compassionate release provision was modified to also allow prisoners to seek a sentencing reduction directly from the Court. The provision now provides, in relevant part, that:

> The court may not modify a term of imprisonment once it has been imposed except that:
>
> (1)    in any case that—
>
>     (A)    the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>         (i)    extraordinary and compelling reasons warrant such a reduction;
>
>         \* \* \*
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A). Where Johnson submitted a request for compassionate release to the Warden of FCI-Allenwood Medium on April 3, 2020, and more than 30 days have elapsed since that filing, it is undisputed that Johnson has exhausted administrative remedies.

Johnson argues that the COVID-19 pandemic and his specific vulnerability to COVID-19 based on medical conditions present "extraordinary and compelling reasons" that warrant a reduction in his sentence to time served. As of October 20, 2020, the pandemic has resulted in more than 40 million cases worldwide and over 1,116,000 deaths. Coronavirus Disease (COVID-19) Pandemic, World Health Org., https://www.who.int/emergencies/diseases/novel-coronavirus-

2019 (last visited Oct. 20, 2020). In the United States, as of the same date, it has resulted in over eight million cases and over 219,000 deaths. Cases in U.S., Ctrs. for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html (last visited Oct. 20, 2020). In light of the shared facilities, the difficulty of social distancing, and challenges relating to maintaining sanitation, the risk of infection and the spread of infection within prisons and detention facilities is particularly high. *See Coreas v. Bounds*, 451 F. Supp. 407, 413 (D. Md. 2020) (citing expert opinions). Accordingly, the Court considers the fact that an inmate is at high risk for death or severe illness from COVID-19 based on age, medical conditions, or other factors, particularly when coupled with the fact that the inmate is incarcerated within a prison in which there is imminent risk of exposure to COVID-19, to establish "extraordinary and compelling reasons" within the meaning of 18 U.S.C. § 3582(c)(1)(A) that could justify a reduced sentence or release.

Here, Johnson, who is 31 years old, asserts that he has a high risk of severe illness from COVID-19 because of his obesity, asthma, and hypertension. As to obesity, having a body mass index of over 30 "increases" an individual's risk of severe illness from COVID-19. *See* People with Certain Medical Conditions, Ctrs. for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last visited Oct. 20, 2020). Johnson had a calculated BMI of 32.4 as of March 31, 2020. Individuals with moderate-to-severe asthma or hypertension "might be at increases risk" for severe illness from COVID-19. *Id.* Johnson has a long history of asthma and regularly uses an albuterol inhaler, and he has had

3

hypertension since he was a teenager and takes blood pressure medication. The combination of these conditions place Johnson at high risk for severe illness from COVID-19.

As of October 20, 2020, FCI-Allenwood Medium had 17 active cases of COVID-19 among inmates and 11 active cases among staff, placing it among the top 20 BOP facilities as measured by active inmate cases. COVID-19 Coronavirus, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Oct. 20, 2020). In addition, 92 inmates and one staff member at that prison have previously had COVID-19 but have now recovered. *Id.* The fact that COVID-19 is presently inside FCI-Allenwood Medium illustrates that the present threat to Johnson is real. Taken together, Johnson's high-risk conditions and the meaningful presence of COVID-19 inside FCI-Allenwood Medium establish extraordinary and compelling reasons that may warrant a sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

A reduced sentence or release based on extraordinary and compelling reasons also requires consideration of the factors in 18 U.S.C. § 3553(a) and an assessment of consistency with "applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The relevant policy statement in the sentencing guidelines permits a reduction based only on meeting the broad category of "extraordinary and compelling reasons," U.S.S.G. § 1B1.13(1)(A) & app. note 1(D), which this Court has found. The policy statement also requires a determination that the prisoner does not present a danger to the community or any other person. U.S.S.G. § 1B1.13(2).

As to the § 3553(a) factors, the original 48-month sentence appropriately balanced the nature and circumstances of the offense, the history and characteristics of the defendant, the purposes of sentencing, and the other relevant factors. Presently, Johnson has served 40 months on his sentence, or over 83 percent of his total sentence, and he is only two months away from his

4

release date and thus has served over 95 percent of the time he otherwise would be incarcerated. Even accepting the seriousness of the offense and Johnson's prior criminal record, the modest sentence reduction requested is consistent with the § 3553(a) factors because Johnson's incarceration since the onset of the pandemic in March 2020 has been more severe than under ordinary circumstances, in particular because he has lived with the specter of contracting COVID-19 while having conditions that place him at high-risk for death or severe illness from that disease. Under these circumstances, a slightly shorter sentence is sufficient to meet the purposes of sentencing, including the needs to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, and to provide adequate deterrence. Release will also benefit the remaining prison population, including the staff, by reducing the overall number of inmates at FCI-Allenwood Medium during a public health emergency.

As for whether Johnson presents a danger to any individual or the community, while his distribution of drugs presented a danger to the community, his prior criminal record consisted primarily of drug possession and theft charges indicative of his drug addiction. He has no history of possessing or using firearms. In light of the conditions of supervised release requiring that Johnson undergo substance abuse testing and treatment, and where renewed criminal activity would expose Johnson to the significant health risk he faces from COVID-19, the Court does not find that he presents a danger to the community that would preclude the requested sentence reduction.

Under these extraordinary circumstances, the Court finds that a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) is warranted to allow Johnson to be released from FCI-Allenwood Medium two months earlier than scheduled. Because there are ongoing cases of COVID-19 at

5

FCI-Allenwood Medium, the sentence reduction will be to time served plus 14 days in order to allow for a period of quarantine, for purposes of public health, before Johnson's release.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Johnson's Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), ECF No. 58, will be GRANTED. A separate Order shall issue.

Date: October 21, 2020

THEODORE D. CHUANG
United States District Judge